IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:15CR362 (CMH) |
| ) | |
| ALBERT K. CAMBATA, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia; Mark D. Lytle, Assistant United States Attorney; Caroline D. Ciraolo, Acting Assistant Attorney General for the Department of Justice, Tax Division; Todd A. Ellinwood, Assistant Chief; the defendant, ALBERT K. CAMBATA; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1. Offense and Maximum Penalties

The defendant agrees to waive indictment and plead guilty to a single count criminal information charging the defendant with willfully making and subscribing a false individual income tax return for the tax year 2008 in violation of Title 26, United States Code, Section 7206(1). The maximum penalties for this offense are: a maximum term of three years of imprisonment, a fine of the greater of $250,000 or twice the gross gain or loss, a special assessment, and one year of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

13201800.1

## 2. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The defendant agrees and stipulates that this District is an appropriate venue for entry of a plea by the defendant to this offense. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

## 3. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

   a. the right to plead not guilty and to persist in that plea;

   b. the right to a jury trial;

   c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

   d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

## 4. Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the

defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

5.  **Sentencing Guidelines Recommendation**

In accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

    a.    The applicable Sentencing Guidelines Manual is the version effective as of November 1, 2015.

    b.    The applicable guideline is §2T1.1 (fraudulent or false returns), and the tax loss is $84,849; and pursuant to §2T1.1(b)(2), a two-level enhancement applies because the stipulated offense involved sophisticated means.

    c.    The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's

own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

6. **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever, other than on ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from the U.S. Department of Justice any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

7.  **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

8.  **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due within 30 days of sentencing and are subject to enforcement by the United States as provided for in Section 3613. Furthermore, within 21 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States Probation Office and, if requested, to complete a financial statement under penalty of perjury for purposes of the preparation of a Presentence Report. If the Court imposes a schedule of payments for any amounts due as a result of the defendant's sentencing, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9.  **Restitution and Internal Revenue Service Provisions**

    a.  The defendant agrees to make restitution to the Internal Revenue Service ("IRS") in the amount of $84,849, pursuant to 18 U.S.C. § 3663(a)(3). Based on the conduct described in the statement of facts, the restitution amount for tax year 2007 is $27,055 and for tax year 2008 it is $57,794. Said restitution shall be due and payable immediately upon sentencing by the Court.

b. The defendant agrees that the total amount of restitution reflected in this agreement results from defendant's conduct as set forth in the statement of facts filed with the Court.

c. The defendant agrees that he will sign the IRS forms necessary to enable the IRS to make an immediate assessment of that portion of the tax and interest that the Court orders him to pay as restitution. The defendant also agrees to sign IRS Form 8821, "Tax Information Authorization," naming an authorized representative of the IRS to receive the information.

d. The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

e. The parties understand that the defendant will receive proper credit for the payments made pursuant to this agreement, including the amount paid as restitution, for which the defendant will receive credit with respect to any tax liability due for the years 2007 and 2008. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period.

f. The defendant understands that, pursuant to 26 U.S.C. §6201(a)(4), the IRS may use the restitution order based on the amount agreed to in paragraph (a) as the basis for a civil tax assessment. The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a payment schedule in this case nor the defendant's timely payments according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

g.  The defendant agrees to prepare and file accurate amended individual income tax returns for the tax years 2007 through 2008 by the time of sentencing.

h.  The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

i.  The defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to his particular liability.

j.  The defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of the Court at the following address:

> Clerk, U.S. District Court
> 401 Courthouse Square
> Alexandria, VA 22314

k.  With each payment to the Clerk of the Court made pursuant to the Court's restitution order, the defendant will provide the following information:

　　i.  The defendant's name and Social Security number;

　　ii.  The District Court docket number assigned to this case;

　　iii.  Tax year(s) or period(s) for which restitution has been ordered; and

　　v.  A statement that the payment is being submitted pursuant to the Court's restitution order.

13201800.1

The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the appropriate office of the IRS.

l. The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

> IRS – RAC
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

**10. Immunity from Further Prosecution**

The United States Attorney's Office for the Eastern District of Virginia and the Department of Justice's Tax Division will not further criminally prosecute the defendant for the specific conduct described in the information or statement of facts.

**11. Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.   The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c.   Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

**12. Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

_____
Mark D. Lytle
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703)299-3700

Caroline D. Ciraolo
Acting Assistant Attorney General
Department of Justice, Tax Division

_____
Todd A. Ellinwood
Assistant Chief
Department of Justice, Tax Division
601 D Street, NW
Washington, DC 20004
(202)514-5145

<u>Defendant's Signature</u>: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 11/3/15 _____
Defendant

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 12/Nov/15 _____
Counsel for the Defendant

11

13201800.1